IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 1:06-CR-165 |
| vs. | § § § | |
| ROB ROY ROBINSON (1) | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On July 22, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Frank Coan. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Using a Computer to Entice a Person Under Age 18 to Engage in Sexual Activity, a Class A felony, Rob Roy Robinson ("Defendant") was sentenced on June 26, 2007, by United States District Judge Marcia A. Crone. The offense carried a statutory maximum imprisonment term of 10 years to life. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of I, was 120 months. Defendant was sentenced to 120 months of imprisonment, followed by a 5-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include Sex Offender Registration, financial disclosure, drug treatment and testing, mental health treatment, sex offender treatment with physiological testing, no contact with minor children, restrictions from portable electronic devices and internet, restrictions from pornography, and

1

search/seizure. Defendant completed his term of imprisonment and started his term of supervised release on August 7, 2015.

## *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on January 2, 2019, United States Probation Officer Ashley McKinney alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested by the Tyler Police Department in Tyler, Texas, on December 22, 2018, for the offense of Aggravated Assault Causes Serious Bodily Injury, a second degree felony.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The Guidelines, therefore, provide that Defendant's guideline range for a Grade A violation is 24 to 30 months of imprisonment.

*Hearing*

On July 22, 2019, Defendant appeared for a final revocation hearing. Assistant United States Attorney Frank Coan announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 in the petition and to jointly request a sentence of 24 months of imprisonment, to be followed by 2 years of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 in the petition is true. Defendant is guilty of a Grade A supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 24 months of imprisonment, to be followed by 2 years of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.

It is further recommended that Defendant be sentenced to 24 months of imprisonment, to be followed by 2 years of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 24 months of imprisonment, to be followed by 2 years of supervised release.

So ORDERED and SIGNED this 22nd day of July, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE